IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADIL SHEKH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　Defendant. | 8:25CV535<br><br><br>MEMORANDUM<br>AND ORDER |

*Pro se* plaintiff Adil Shekh ("Shekh") originally filed this action in the County Court of Lancaster County, Nebraska on August 7, 2025 (Filing No. 1-1). He alleges that on June 25, 2025, a United States Postal Service vehicle struck his car's back-quarter panel on the passenger side while he was driving. Defendant USPS removed the case to this Court on September 4, 2025, under 28 U.S.C. § 1441. *See also* 28 U.S.C. § 1442(a)(1) (authorizing removal of a civil action against an officer or agency of the United States).

On September 29, 2025, USPS moved to substitute the United States of America (the "government") as the proper defendant and to dismiss Shekh's claims for lack of subject-matter jurisdiction (Filing No. 8). *See* Fed. R. Civ. P. 12(b)(1). More than twenty-one days have passed, and Shekh has not responded. *See* NECivR 7.1(b)(1)(B) (stating that a brief opposing a motion to dismiss "must be filed and served within 21 days after the motion and supporting brief are filed and served").[1] For the reasons that follow, the government's motion will be granted.

---

[1] Under the local rules, Shekh's "[f]ailure to file an opposing brief is not considered a confession of a motion" but it does "preclude [Shekh] from contesting [the government's] statement of facts." NECivR 7.1(b)(1)(C).

I.  DISCUSSION

   A.  The Motion to Substitute

As an initial matter, the government argues that it should be substituted as the proper defendant in place of USPS (Filing No. 9).  The United States is immune from suit, except to the extent that it has waived immunity.  *Mader v. United States*, 654 U.S. 794, 797 (citing *Beers v. State*, 61 U.S. 527, 529 (1857).  Congress waived the sovereign immunity of the United States for certain torts committed by federal employees through the Federal Tort Claims Act ("FTCA").  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA is the exclusive remedy for tort claims against the federal government.  *Id.* at 476 (noting that if "a suit is 'cognizable' under [the FTCA], the FTCA remedy is 'exclusive'"); *accord* 28 U.S.C. § 2679; *see also* 28 U.S.C. § 1346 (providing the federal courts "have exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property").

In any civil action where the Attorney General certifies the defendant employee was acting within the scope of his employment when the alleged incident occurred, "the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d).  The United States is also the proper defendant in FTCA lawsuits naming federal agencies as the defendant.  *Meyer*, 510 U.S. at 476; *see also* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency [under the FTCA].").  And although USPS is an "independent establishment of the executive branch," 39 U.S.C. § 201, because the FTCA applies equally to USPS, it cannot be sued in its own name, *see* 28 U.S.C. § 2679(a).  Accordingly, the Court grants the government's motion to substitute the United States as the defendant in this matter.

   B.  The FTCA's Exhaustion Requirement

The government next argues the Court lacks subject-matter jurisdiction because Shekh failed to exhaust his administrative remedies before filing suit.  Before filing an FTCA action in federal court, the claimant must present an administrative claim to the appropriate federal agency, and the claim must be "finally denied by the agency in writing."

28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111 (1980) (upholding a district court's dismissal of an FTCA claim for lack of subject-matter jurisdiction because the claimant filed suit in federal court before receiving a final agency denial, even though the claimant received such denial early in the litigation). Final denial of an administrative claim is a jurisdictional prerequisite that must be established by the FTCA claimant. *See*, *e.g.*, *McNeil*, 508 U.S. at 111; *King v. United States*, 3 F.4th 996, 999 (8th Cir. 2021). As the plaintiff, Shekh bears the burden of proof to show that presentment was properly made. *See Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). He has not done so.

What is more, the government has submitted a declaration from Kimberly Herbst, the manager of the Tort Program and Adjudication at the United States Postal Service National Tort Center in St. Louis (Filing No. 8-1). She declares that she did not discover any record of any administrative tort claims filed by or on behalf of Shekh after conducting a search of two separate databases. Absent any evidence to the contrary, the Court finds that Shekh has failed to exhaust his administrative remedies under the FTCA. Accordingly, this Court does not have subject-matter jurisdiction over Shekh's FTCA claim.

IT IS ORDERED:
1. The United States of America is substituted as defendant.
2. Defendant United States of America's Motion to Dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Filing No. 8) is granted.
3. This case is dismissed without prejudice.
4. A separate judgment will issue.

Dated this 9th day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge